IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **SARAH GLICKERT,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) **JURY DEMANDED** |
| **HOME DEPOT U.S.A., INC.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES THE PLAINTIFF, SARAH GLICKERT**, filing this Complaint against **HOME DEPOT U.S.A., INC.** She shows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Sarah Glickert, is a citizen and resident of Davidson County, Tennessee.

2. Defendant, Home Depot U.S.A., INC., is a foreign corporation with its principle offices in 2455 Paces Ferry Rd. SE, Atlanta, GA 30339 and otherwise operating and doing business in Williamson County, Tennessee where it employed the Plaintiff. Defendant's registered agent is Corporation Service Company and the registered agent's address is 2908 Poston Ave., Nashville, TN 37203.

3. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and the Equal Pay Act, 29 U.S.C. §206(d).

4. Venue in this Middle District of Tennessee is proper pursuant to 28 U.S.C. §1391, because the Defendant was either doing business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL BASES FOR SUIT

5. Plaintiff, who is female, began working for the Defendant in April 20, 2007 in the position of Sales Specialist/Designer. At the time of hire, Plaintiff was earning $16.00 per hour.

6. Not long after beginning her employment with the Defendant, Plaintiff was identified by Defendant as a "High Potential" employee. Indeed, Plaintiff has a record of good job performance for the Defendant.

7. On or around July 14, 2014, Plaintiff was promoted to the position of "Department Supervisor".

8. At the time of the promotion, Plaintiff was told by her Store Manager, Melvin Forman, that she would be getting a pay increase of $1.75 per hour.

9. Upon information and belief, three (3) other employees were promoted to the position level of "Department Supervisor" at or around the same time as the Plaintiff. These other three (3) employees are male.

10. After her promotion, Plaintiff's pay was not increased by the promised amount and her paychecks were not consistent with what she had been told. Plaintiff brought this to the attention of her Store Manager who dismissed the error as an oversight and assured Plaintiff that the matter would be resolved.

11. In fact, the Plaintiff's pay was not corrected for over twelve (12) months. Plaintiff continued to complain to the Store Manager about the failure to pay her in the manner that she had been promised. Again, the Store Manager would tell the Plaintiff that he was "dealing with it", that Plaintiff should "ignore it" and the problem would be fixed.

12. In or around September 2, 2015, the Store Manager announced that he was being promoted out of his position and would be leaving the store where Plaintiff worked. Upon

hearing this news, Plaintiff confronted the Store Manager and insisted that he resolve her pay issue prior to leaving. The Store Manager shouted at the Plaintiff and told her that she would not be getting any additional pay increase. When she stated that she would take her complaints to other managers, the Store Manager told Plaintiff that "nobody will believe you…it's your word against mine".

13. On or about September 16, 2015, just two (2) weeks following her complaint regarding her pay, Plaintiff was called into Human Resources and informed that she was being investigated for violation of the "Code of Conduct".

14. Indeed, on September 26, 2015, Plaintiff was terminated for allegedly violating certain rules surrounding the taking of discounts and/or otherwise inappropriately purchasing goods for personal use.

15. Upon information and belief, the actual raise that Plaintiff was entitled to at the time of her promotion was $2.25 per hour.

16. Upon information and belief, the three (3) men who were promoted at the same time as Plaintiff each received a raise of $2.25 per hour.

17. Despite their different job titles, the actual *duties* assigned to the jobs held by Plaintiff and the other three (3) male supervisors, were exceptionally close, and did require equal skill, effort, responsibility, and were performed under similar working conditions.

18. Despite the similar positions and duties, the three (3) male supervisors discussed above were given hourly raises that were substantially more than Plaintiff, a female.

19. The proffered reasons for Plaintiff's termination are pretextual and merely used to disguise the fact that Plaintiff was terminated in retaliation for her complaints protected by the Equal Pay Act and the THRA.

3

## CAUSES OF ACTION

20. Plaintiff brings the following causes of action against Defendant:

    **A.** **Violation of Equal Pay Act; and**

    **B.** **Equal Pay Act Retaliation.**

21. As damages and relief, Plaintiff requests equal pay (back and front), reinstatement to her Department Supervisor job (with equal pay), liquidated damages, compensation for the emotional harm suffered from the hostile work environment (anxiety, worry, fear, depression, and other indicia of distress, etc.), punitive damages and other discriminatory and retaliatory actions. She seeks her attorneys' fees and costs.

22. Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendants Answer this Complaint, that Plaintiff be Awarded all compensatory damages available, wage loss damages available, differential pay (continuing), liquidated damages, punitive damages and any other equitable relief, her attorney's fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which she may be entitled.

    Respectfully submitted,

    **GILBERT RUSSELL McWHERTER SCOTT BOBBITT PLC**

    s/Jonathan L. Bobbitt
    JONATHAN L. BOBBITT (23515)
    jbobbitt@gilbertfirm.com
    EMILY S. EMMONS (33281)
    eemmons@gilbertfirm.com
    341 Cool Springs Blvd., Suite 230
    Franklin, TN 37067
    Telephone: (615) 354-1144
    Facsimile: (731) 664-1540

JUSTIN S. GILBERT #017079
jgilbert@gilbertfirm.com
100 W. Martin Luther King Blvd., Suite 504
Chattanooga, TN 37402
Telephone: (423) 499-3044
Facsimile: (731) 664-1540

*Attorneys for Plaintiff*